**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America,            ) | |
|                                                     ) | |
|               Plaintiff,           ) | |
|                                                     ) | |
|     vs.                                          ) | Case No. 1:10-cr-071 |
|                                                     ) | |
| Russell Charles Seidel and       ) | **ORDER DENYING MOTION** |
| Jacqueline Ann Stephens,        ) | **TO SUPPRESS EVIDENCE** |
| a/k/a Jackie Ann Winter ,        ) | |
| a/k/a Christina Kay Garcia,     ) | |
|                                                     ) | |
|               Defendant.        ) | |

_____

Before the Court is the Defendant Jacqueline Ann Stephens's motion to suppress evidence filed on September 23, 2010.  The Government filed a response in opposition to the motion on October 7, 2010.  Defendant Russel Seidel joined in the motion on October 13, 2010.  For the following reasons, the motion is denied.

**I.      BACKGROUND**

Burleigh County Sheriff's Deputy Nathan McLeish and Morton County Assistant State's Attorney Jackson Lofgren appeared before Judge Donald Jorgensen in Morton County District Court in Mandan, North Dakota, on July 9, 2010, seeking a warrant to search a residence and garage located at 410 Fourth Avenue Northeast in Mandan, North Dakota.  A transcript of the proceedings is included in the record at Docket No. 34-1.

Deputy McLeish testified that he was assigned to the Metro Area Narcotics Task Force. On July 8, 2010, agents of the Narcotics Task Force conducted a curbside "garbage pull" at 410 Fourth Avenue Northeast.  An examination of the garbage revealed a number of items indicative

of the use and distribution of controlled substances. Found in the trash were what appeared to be pay-owe sheets that had been torn up but which still revealed names and numbers which Deputy McLeish believed, based upon his experience and training, showed drug amounts sold and revenues from the sales. Also found was a syringe which was laying open in the trash. The syringe was not in sharps container which is how a person who uses a syringe for legitimate medical purposes would be expected to dispose of such an item. Another item found was a metal paper clip with a dark gooey substance on one which field tested positive for marijuana. Deputy McLeish testified that paper clips bent in such a way are often used to clean out marijuana pipes. Several anonymous tips had also come in that reported suspicious activity at the address in question. Mail for a Russell Seidel was also found in the trash. The Narcotics Task Force had a file on Mr. Seidel which referenced a drug history.

Based upon the testimony of Deputy McLeish, Judge Jorgensen found probable cause existed and issued a search warrant for the premises.

**II.   DISCUSSION**

The Defendants argue there was insufficient evidence to establish probable cause for the issuance of a search warrant for the residence and garage in question. They ask that the fruits of that search be suppressed.

The Fourth Amendment secures the persons, houses, papers, and effects of the people against unreasonable searches and seizures by the government. The general rule is that the government must secure a warrant before conducting a search. United States v. Alberts, 721 F.2d 636, 638 (8th Cir. 1983). "The Fourth Amendment requires a showing of probable cause to

support a search warrant." United States v. Gabrio, 295 F.3d 880, 882 (8th Cir. 2002). "The court issuing a search warrant must 'make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)); see United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993) (citing United States v. Ventresca, 380 U.S. 102, 109 (1965) ("Applications and affidavits for issuance of a warrant should be examined under a common sense approach and not in a hypertechnical fashion."). "The affidavit cannot be attacked paragraph by paragraph; it must be evaluated as a whole." United States v. Anderson, 933 F.2d 612, 614 (8th Cir. 1991). When reviewing the sufficiency of the information supporting a search warrant, it is well-established that considerable deference is accorded to the issuing judicial officer. See United States v. Fulgham, 143 F.3d 399, 401 (8th Cir. 1998); see also United States v. Oropesa, 316 F.3d 762, 766 (8th Cir. 2003) (citing Illinois v. Gates, 462 U.S. 213, 236, 238-38).

    The recovery of drug paraphernalia from a garbage left outside a residence contributes significantly to the establishment of probable cause. United States v. Briscoe, 317 F.3d 906, 908 (8th Cir. 2003). Indeed, marijuana stems and seeds recovered from a garbage pull provide stand-alone evidence sufficient to establish probable cause. Id. at 909. In another case, sandwich bags with cocaine residue, plastic bags with clipped corners, Brillo pads, and a film canister with a white residue were obtained from the search of trash bags and found sufficient to establish probable cause for the issuance of a search warrant. United States v. Allebach, 526 F.3d 385,

387 (8th Cir. 2008).  In this case the evidence of drug activity included pay-owe sheets, a syringe, and a paper clip which tested positive for marijuana.  Such evidence suggests criminal drug activity was occurring at the residence and is sufficient for a finding of probable cause.

Based on a careful review of the proceedings before Judge Jorgensen, combined with the considerable deference that must be given to Judge Jorgensen's decision, the Court finds that the issuance of the search warrant was proper.

Even if probable cause did not exist for the issuance of the warrant, the good faith exception to the exclusionary rule as announced in United States v. Leon, 468 U.S. 897 (1984), would allow admission of the evidence.  In Leon, the Supreme Court held that evidence obtained pursuant to a defective search warrant should not be suppressed if the officer who seized the evidence did so in good faith reliance on a warrant issued by a neutral judge.  Leon, 591 U.S. at 922.  There is no evidence suggestion of circumstances in this case which would prevent the application of the Leon good faith exception such as law enforcement misconduct, the absence of a neutral and detached judicial officer, objective unreasonableness, or a facially deficient warrant.  Allebach, 526 F.3d at 387.

The request for a hearing will be denied as well.  The transcript of the proceedings before Judge Jorgensen is in the record.  See Docket No. 34-1.  The Court has carefully reviewed that transcript which includes the sworn testimony of Deputy McLeish upon which the probable cause determination was based.  Additional testimony is unnecessary.

### III.     CONCLUSION

For the reasons set forth above, the motion to suppress evidence is **DENIED**. The request for a hearing is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 15th day of October, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court
