**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America,        ) | |
|                                  ) | |
|            Plaintiff,            ) | |
|                                  ) | |
|       vs.                        ) | Case No. 1:10-cr-71 |
|                                  ) | |
| Russell Charles Seidel, and      ) | |
| Jacqueline Ann Stephens,         ) | |
|                                  ) | **ORDER ON MOTIONS IN LIMINE** |
|            Defendants.           ) | |

Before the Court are three motions in limine, two filed by Defendant Jacqueline Stephens and one by Defendant Russell Seidel. The general policy of this Court is to thank counsel for the filing of motions in limine as a fair warning of possible evidentiary problems and then deny the motions without prejudice and subject to being renewed at trial as the evidence presents itself.

**I.   BACKGROUND**

The Defendants are charged in a one count indictment with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. The charge apparently grew out of the search of a residence in Mandan and a storage unit in Bismarck. Search warrants were obtained prior to both searches. The searches occurred in July 2010. The search of the storage unit involved the use a drug sniffing dog by the name of Jimmy. The conspiracy is alleged to have begun on or about May 1, 2010 and continued until the arrest of the Defendants in August of 2010. The controlled substance involved in this case is fifty or more grams of methamphetamine. Seidel is facing a minimum mandatory sentence of life in prison.

Stephens is facing a ten year minimum mandatory sentence.

## II. DISCUSSION

### A. STEPHENS'S ALIASES

The indictment in this case lists two aliases for Stephens: Jackie Ann Winter and Christina Kay Garcia. Stephens objects to any mention of these alleged aliases at her trial. She points out that none of the discovery she has received from the government mentions either of these alleged aliases. Some of the discovery mentions her maiden name, Jacqueline Jensen. She has objection to mention of her maiden name at trial. She argues the alleged aliases are irrelevant and confusing and thus improper under Rules 401 and 403 of the Federal Rules of Evidence. The government has no objection to this request. As the parties agree, the Court sees no reason not to grant the request.

### B. MANDATORY MINIMUM SENTENCE

Stephens requests permission to inform the jury of the ten-year minimum mandatory sentence she is facing. The government is opposed to the idea. In support of her argument Stephens cites Judge Weinstein in United States v. Polouizzi, 687 F.Supp.2d 133 (E.D.N.Y. 2010) vacated by United States v. Polouizzi, No. 09-4594, 2010 WL 3667647 (2nd Cir. Sept. 22, 2010) and United States v. Polizzi, 549 F.Supp.2d 308 (E.D.N.Y. 2008) vacated by United States v. Polouizzi, 564 F.3d 142 (2nd Cir. 2009). Judge Weinstein's lengthy opinions finding a defendant facing a mandatory minimum sentence has a Sixth Amendment right to inform the jury of the penalty he faces are best summed up as an argument for jury nullification in the face of a stiff penalty. The

2

Second Circuit rejected the argument. Polouizzi, 564 F.3d at 160-61 (pointing out the issue is controlled by existing Supreme Court precedent which is binding until the Supreme Court itself decides to revisit the issue). Criminal penalties are defined and fixed by Congress as a matter of legislative prerogative. United States v. Goodface, 835 F.2d 1233, 1236 (8th Cir. 1987). The jury's role as fact finder remains unchanged even when a statute divests the trial judge of the discretion to sentence as he wishes. Id.

> The Eight Circuit recently addressed the issue in United States v. Brewer:
>
> Brewer also argues that the district court abused its discretion in refusing to instruct the jury that Brewer faced a twenty-year mandatory minimum sentence if convicted on Counts I or V, and a ten-year mandatory minimum sentence if convicted on Counts II, III, or IV. See United States v. Anderson, 533 F.3d 623, 632 (8th Cir. 2008) ("This court reviews the denial or acceptance of a proposed jury instruction for abuse of discretion." (citing United States v. Counce, 445 F.3d 1016, 1019 (8th Cir. 2006))). The district court is not required to instruct a jury about the sentencing consequences of its verdict. Shannon v. United States, 512 U.S. 573, 575, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994). Indeed, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. at 579; see also United States v. Thomas, 895 F.2d 1198, 1200 (8th Cir. 1990) ("To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it."). Accordingly, we find no abuse of discretion in the district court's refusal to instruct the jury about the punishment Brewer faced if convicted.

United States v. Brewer, No. 09-3909, 2010 WL 4117368, at *5 (8th Cir. Oct. 21, 2010).

The Court agrees with the Second and Eighth Circuits. Informing the jury of the potential sentence only invites confusion and error and is not required by the Sixth Amendment. The request is denied.

### C.     K-9 JIMMY AND THE SEARCH OF THE BISMARCK STORAGE UNIT

As part of the investigation of this case law enforcement officers searched a storage unit located in Bismarck which was allegedly rented by Seidel.  The search was made pursuant to a warrant and a drug dog named Jimmy was used in the search.  The defendants argue nothing relevant was found during the search.  They ask that the items which were found be excluded as irrelevant under Rule 401 of the Federal Rules of Evidence.  It is unclear exactly what was found during the search.  The government states a 1986 Corvette registered to Seidel along with an insurance policy in Seidel's name was recovered.  The insurance policy was written by Terry Kraft at American Family Insurance.  The government also states that during the search of the residence in Mandan a notebook was found with a notation "call terry for copy of insurance on Corvette."  The government suggests, without explaining in detail, that Seidel's ownership a Corvette insured by Terry Kraft may be relevant.  As to the K-9 the government states it has no intention of calling the dog's handler or offering any evidence which gave rise to the issuance of the search warrant for the storage unit, except possibly on rebuttal.

Relevance is best determined at trial as the evidence presents itself.  At this stage of the proceedings the Court does not have a full understanding of the factual underpinning of the case and what may or may not turn out to be relevant.  The Court will deny the motion without prejudice and subject to being renewed at trial as the evidence presents itself.

### III.    CONCLUSION

The Court appreciates being forewarned of these potential evidentiary issues.  Stephens motion (Docket No. 43) is denied in part and granted in part as explained above.  Seidel's motion (Docket No. 46), in which Stephens joined (Docket No. 48), is denied without prejudice and subject to being renewed at trial as the evidence presents itself.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court