**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America,              ) | |
|                                        ) | |
|              Plaintiff,                ) | |
|                                        ) | |
| vs.                                    ) | Case No. 1:10-cr-71 |
|                                        ) | |
| Russell Charles Seidel, and            ) | |
| Jacqueline Ann Stephens,               ) | |
|                                        ) | **ORDER ON MOTION IN LIMINE** |
|              Defendants.               ) | |

Before the Court is a motions in limine filed by Defendant Russell Seidel. The general policy of this Court is to thank counsel for the filing of motions in limine as a fair warning of possible evidentiary problems and then deny the motions without prejudice and subject to being renewed at trial as the evidence presents itself.

**I.     BACKGROUND**

The Defendants are charged in a one count indictment with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. The charge apparently grew out of the search of a residence in Mandan and a storage unit in Bismarck. The conspiracy is alleged to have begun on or about May 1, 2010 and continued until the arrest of the Defendants in August of 2010. The controlled substance involved in this case is fifty or more grams of methamphetamine. Seidel is facing a minimum mandatory sentence of life in prison. Stephens is facing a ten year minimum mandatory sentence.

**II.     DISCUSSION**

Seidel asks the Court for an order preventing the government from introducing any evidence seized following his arrest in Mobridge, South Dakota, on August 17, 2010. However, the Court is unaware of what evidence was seized after the arrest and whether the government will offer such evidence. Such an evidentiary ruling should not be made without the context a trial provides and so the Court will apply its general policy and defer ruling until the evidence presents itself at trial.

Seidel also asks that the Court enter an prohibiting the government from introducing Rule 404(b) evidence relative to Seidel's prior state court convictions. The Eighth Circuit recently reviewed the appropriate standard to be applied in evaluating Rule 404(b) evidence. United States v. Thomas, 593 F.3d 752 (8th Cir. 2010).

> While outlawing admission of evidence of other crimes that is proffered "to prove the character of a person in order to show action in conformity therewith," Federal Rule of Evidence 404(b) allows such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It is well-settled in this circuit that the rule is one of inclusion, "such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." United States v. Johnson, 439 F.3d 947, 952 (8th Cir.2006). Evidence of other crimes is admissible under Rule 404(b) if it is "(1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value." Thomas, 398 F.3d at 1062.

Thomas, 593 F.3d at 757. District courts enjoy broad discretion in admitting Rule 404(b) evidence. Id. At this time it is unknown if or for what purpose the government would offer such evidence and for that reason the Court will defer its ruling until trial.

### III.   CONCLUSION

The Court appreciates being forewarned of these potential evidentiary issues.  Seidel's motion (Docket No. 63) is **denied without prejudice** and subject to being renewed at trial as the evidence presents itself.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court